IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| William Auston Cash,<br><br>                   Plaintiff,<br><br>vs.<br><br>Dr. Thomas, Lt. Clawson,<br><br>                   Defendant. | Civil Action No. 6:12-1278-MGL-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the plaintiff's motions for default judgment against defendant Dr. Benjamin Thomas (docs. 28, 41). The plaintiff, a pretrial detainee at the Lexington County Detention Center proceeding *pro se*, alleges the defendants failed to protect him and were deliberately indifferent to his serious medical needs. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

The plaintiff filed his present lawsuit on May 21, 2012 (doc. 1). His claims against defendant Dr. Thomas arise out of dental treatment provided to the plaintiff in April and May 2012. This court authorized service of the summons and complaint on the defendants on June 8, 2012 (doc. 16). Dr. Thomas was served with the summons and complaint on or around June 29, 2012, while he was working at the Lexington County Detention Center (doc. 21). Dr. Thomas was told by Lieutenant Clawson, his co-defendant in this case, to delay taking any action in this case until he heard from the Lexington County Sheriff's Department regarding the case (doc. 34-1, Dr. Thomas aff.). Therefore, Dr. Thomas thought his representation in this case would be handled by the Lexington County Sheriff's Department or the Lexington Detention Center (*id.*).

Dr. Thomas' answer in this case was due on July 20, 2012. On August 17, 2012, the plaintiff filed his first motion for default judgment against Dr. Thomas. On or around August 17, 2012, Dr. Thomas received a phone call from a paralegal who he understood and believed was from the Lexington County Sheriff's Department or the Lexington Detention Center (doc. 34-1, Dr. Thomas aff.). She asked Dr. Thomas if he had an attorney in this case (*id.*). At that time, Dr. Thomas realized that he was not being represented in this case by the Lexington County Sheriff's Department or the Lexington Detention Center. He then immediately forwarded the summons and complaint in this case to his insurance company for representation, and defense counsel was retained to represent Dr. Thomas on Monday, August 20, 2012 (*id.*). An answer was filed on behalf of Dr. Thomas on August 22, 2012, once his counsel realized Dr. Thomas was served with the summons and complaint in June (doc. 23). Counsel for defendant then met with Dr. Thomas to determine the reason for the delay in forwarding this case to his insurer and discovered the misunderstanding between Dr. Thomas and the Lexington County Sheriff's Department and the Lexington Detention Center.

On August 31, 2012, Dr. Thomas filed a response in opposition to the plaintiff's motion for default judgment. Dr. Thomas requested an extension of time to file his answer and that the court accept his answer filed on August 22, 2012. On September 10, 2012, the plaintiff a second motion for default judgment against Dr. Thomas.

Federal Rule of Civil Procedure 55 provides that "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). An entry of default may be set aside for good cause. *Id.* 55(c). Here, while there has been no entry of default in this case by the Clerk of Court, the "good cause" standard is applicable. The United States Court of Appeals for the Fourth Circuit has set forth the relevant factors to make this determination as follows:

2

> When deciding whether to set aside an entry of default, a district court should consider [1] whether the moving party has a meritorious defense, [2] whether it acts with reasonable promptness, [3] the personal responsibility of the defaulting party, [4] the prejudice to the party, [5] whether there is a history of dilatory action, and [6] the availability of sanctions less drastic.

*Payne v. Brake*, 439 F.3d 198, 204–05 (4th Cir.2006).

It is clear that Dr. Thomas has a meritorious defense in this case. In his affidavit, Dr. Thomas stated that, in his opinion to a reasonable degree of medical certainty, the dental care and treatment he provided to the plaintiff at all times complied with accepted standards of dental care for dentists engaged in the practice of dentistry (doc. 34-1, Dr. Thomas aff.). In his answer to the plaintiff's complaint, Dr. Thomas denied any wrongdoing with regard to the treatment he rendered to the plaintiff and further asserted a number of affirmative defenses with regard to the plaintiff's claims. With regard to the promptness factor, it is further clear that Dr. Thomas acted immediately upon discovering that his defense in this case was not being handled by the Lexington County Sheriff's Department or the Lexington Detention Center. He immediately forwarded the complaint to his insurer, who immediately procured legal counsel for him. His counsel immediately filed an answer and filed a response in opposition to the first motion for default judgment as soon as counsel was informed of the reason for the delay. As for the factor regarding the personal responsibility of the defaulting party, it is clear that Dr. Thomas' failure to file a timely answer was because of an excusable misunderstanding with regard to who would be providing his defense in this case. Additionally, there is neither an allegation nor any evidence that the plaintiff has been or will be harmed in any way by defendant's failure to

3

timely file an answer or that he will be prejudiced if his motion is denied. There is also neither an allegation nor any evidence of dilatory conduct by the defendant in the record before the court. Ultimately, as set forth above, it is clear that the drastic sanction of holding the defendant in default would be highly inappropriate.

Based upon the foregoing, this court recommends that the plaintiff's motions for default judgment (docs. 28, 41) be denied and the district court accept Dr. Thomas' out-of-time answer filed on August 22, 2012.

IT IS SO RECOMMENDED

September 19, 2012  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.