IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| William Auston Cash,<br><br>                        Plaintiff,<br><br>     vs.<br><br>Dr. Thomas, Lt. Clawson,<br><br>                       Defendant. | Civil Action No. 6:12-1278-MGL-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the plaintiff's "emergency motion" for medical treatment, which this court has construed as a motion for a temporary restraining order (doc. 45). The plaintiff, a pretrial detainee at the Lexington County Detention Center ("LCDC") proceeding *pro se*, alleges in his complaint that the defendants Lt. Clawson and Dr. Thomas failed to protect him and were deliberately indifferent to his serious medical needs. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

On September 20, 2012, the plaintiff filed a motion asking the court "to issue a protection order to stop Lt. Clawson from throwing out my evidence and denying medical treatment." The plaintiff alleges that defendant Clawson, who is the Housing Lieutenant at the LCDC, has sought to block the plaintiff's access to medical treatment, conspired with the medical staff to deny the plaintiff access to medical treatment, and that defendant Clawson has attempted to interfere in the plaintiff's pending litigation by entering the plaintiff's cell and tampering with his mail and legal documents.

In response to the motion, defendant Clawson submitted an affidavit specifically denying that he has ever conspired with any member of the medical staff to

deny the plaintiff access to medical treatment. Because he is not a medical professional, defendant Clawson attests that he always defers to the medical staff regarding an inmate's medical treatment (Clawson aff. ¶¶ 4-9). Furthermore, defendant Clawson specifically denies that he has attempted to interfere with the plaintiff's current litigation by entering his cell and tampering with his mail and legal documents. While defendant Clawson's position as Housing Lieutenant at the LCDC often requires him to be involved in searches of inmate's cells in order to maintain the safety and security of the officers and inmates at the detention center, an inmate's legal materials are never read or destroyed by detention officers. In order to efficiently search for contraband within the institution, detention officers are authorized to scan an inmate's legal materials to ensure that they do not contain contraband. However, defendant Clawson denies that he has ever used unnecessary searches of the plaintiff's cell to interfere with the plaintiff's pending litigation (*id.* ¶¶ 10–15).

The plaintiff also alleges an incident wherein an officer at the LCDC is alleged to have placed a note in the plaintiff's cell containing racial slurs from another inmate. However, the plaintiff does not allege that defendant Clawson had any involvement in the alleged incident. Moreover, defendant Clawson attests that he has no knowledge of the alleged incident and specifically denies that he had any personal involvement (Clawson aff. ¶ 16).

"[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Fed. Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir.1981). To obtain a preliminary injunction, the plaintiff must demonstrate: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.*, 555 U.S. 7, 20 (2008); *see Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, at *1 (D.S.C. August 18, 2009)

(slip copy) (applying *Winter* standard and noting that the *Blackwelder Furniture Co. v. Seling Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977) balance-of-hardship test no longer applies). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, at *1 (N.D. Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").

This court concludes that the actions the plaintiff complains of do not warrant the issuance of a restraining order. Significantly, the plaintiff has not established that it is likely he will suffer irreparable harm if an injunction is not granted. Indeed, he does not even assert that he will be irreparably harmed much less sufficiently establish that fact. Moreover, the plaintiff has not made a clear showing that he will likely prevail on the merits. Finally, the public interest is best served if the courts do not get involved in the daily operations of a detention center or prison, particularly prior to a finding that the Constitution has been violated.

Wherefore, based upon the foregoing, the plaintiff's motion (doc. 45) should be denied.

IT IS SO RECOMMENDED.

November 14, 2012  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.