IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| William Auston Cash, ) | Civil Action No. 6:12-1278-DCN-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Dr. Thomas; Lt. Clawson, ) | |
| ) | |
| Defendants. ) | |

       This matter is before the court on the plaintiff's motions to amend complaint (doc. 84) and for preliminary injunction (doc. 92). The plaintiff, a pretrial detainee at the Lexington County Detention Center ("LCDC") proceeding *pro se*, alleges his constitutional rights were violated based upon the conditions of his confinement and the defendants' deliberate indifference to his serious medical needs. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

*Motion to Amend*

       Defendant Clawson filed a motion for summary judgment on November 2, 2012. By order filed November 5, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response in opposition to the motion on November 16, 2012. Defendant Thomas filed a motion for summary judgment on November 21, 2012, and another *Roseboro* order

was issued on November 26, 2012. The plaintiff filed his response in opposition to the motion on December 6, 2012.

On January 7, 2013, the plaintiff filed a motion to amend his complaint (doc. 84) to add allegations regarding his medical treatment by Dr. Thomas. Specifically, he seeks to add a claim that Dr. Thomas prescribed codeine to him, after the plaintiff had listed codeine as a medication to which he was allergic. The defendants oppose the motion, arguing that such an amendment would be futile and also would be prejudicial to them as they have already filed motions for summary judgment. "The court should freely give leave [to amend pleadings] when justice so requires." Fed.R.Civ.P. 15(a)(2). This court agrees that to allow the plaintiff to amend his complaint at this late date, after the motions for summary judgment have been fully briefed, would be prejudicial to the defendants. Moreover, the plaintiff has acknowledged that he was aware of this claim prior to filing this action, but states he did not include the claim in his initial complaint because he did not have the evidence to support his claim until he received his medical records (doc. 84 at 1-2). Based upon the foregoing, the motion to amend (doc. 84) is denied.

***Motions for Preliminary Injunction***

On January 11, 2013, the plaintiff filed a proposed order (doc. 92) that directs the defendants, at their own expense, to have the plaintiff transferred to a federal detention center so he can "receive x-rays and a independent and unbiased party to further prove of the Defendants false claims and add to the validity of the Plaintiffs claims." The plaintiff references affidavits, evidence, and a memorandum of law that he claims he has submitted with his proposed order; however, these purported attachments were not submitted with the proposed order (*see* doc. 92).

"[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Fed. Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir.1981). To obtain a preliminary injunction, the plaintiff must demonstrate: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance

of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.*, 555 U.S. 7, 20 (2008); *see Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, at *1 (D.S.C. August 18, 2009) (slip copy) (applying *Winter* standard and noting that the *Blackwelder Furniture Co. v. Seling Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977) balance-of-hardship test no longer applies). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, at *1 (N.D. Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction."). "[A] preliminary injunction preserves the status quo pending a final trial on the merits . . . ." *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999).

As argued by the defendants, the plaintiff's request does not preserve the *status quo*. The plaintiff is seeking a transfer to a separate detention center so he can obtain medical treatment, at the cost of defendants, to try to obtain evidence to support his claims. Such request is not consistent with the purpose of a preliminary injunction. The plaintiff has clearly failed to establish the prerequisites for injunctive relief. Accordingly, the motion (doc. 92) should be denied.

Wherefore, based upon the foregoing, the plaintiff's motion to amend (doc. 84) is denied. Furthermore, this court recommends that the plaintiff's motion for preliminary injunction (doc. 92) be denied.

February 8, 2013                                              s/ Kevin F. McDonald
Greenville, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).