IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| William Auston Cash,<br><br>    Plaintiff,<br><br>  vs.<br><br>Dr. Thomas and Lt. Clawson,<br><br>    Defendants. | Civil Action No. 6:12-1278-DCN-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

   This matter is before the court on the plaintiff's motion for preliminary injunction and temporary restraining order (doc. 111). The plaintiff, a pretrial detainee at the Lexington County Detention Center ("LCDC") proceeding *pro se*, alleges his constitutional rights were violated based upon the conditions of his confinement and the defendants' deliberate indifference to his serious medical needs.

   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

   In his motion, the plaintiff asks that the court order the defendants to do a litany of things. First, the plaintiff seeks to have the court order that the staff at LCDC allow him to have private visitation with an individual (who is not a lawyer) whom he claims is assisting him with his pending litigation. In addition, the plaintiff requests that the court order that LCDC produce funds to help him with his legal research, allow him to make legal copies, allow him to access legal documentation and interview witnesses, stop performing searches of his cell at inconvenient times, cease and desist what he perceives as harassment, and enjoin Lieutenant Clawson from participating in searches of the plaintiff's property. The plaintiff also seeks to have the court direct LCDC to commission an investigation as to why he has been denied access to the non-lawyer individual whom he claims is assisting him with his litigation, investigate an alleged incident of a racial note

being placed on his door, investigate an alleged incident where he claims some of his legal material was thrown away, and to investigate an alleged incident where he claims prayer was allegedly stopped.  Lastly, the plaintiff seeks an order from the court directing LCDC to provide him with a hot meal daily and a medical snack bag.

"[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Fed. Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4ᵗʰ Cir.1981).  To obtain a preliminary injunction, the plaintiff must demonstrate:  "(1)  that he is likely to succeed on the merits, (2)  that he is likely to suffer irreparable harm in the absence of preliminary relief, (3)  that the balance of equities tips in his favor, and (4)  that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.*, 555 U.S. 7, 20 (2008); *see Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, at *1 (D.S.C. August 18, 2009) (slip copy) (applying *Winter* standard and noting that the *Blackwelder Furniture Co. v. Seling Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977) balance-of-hardship test no longer applies). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, at *1 (N.D. Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").  "[A] preliminary injunction preserves the status quo pending a final trial on the merits . . . ." *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4ᵗʰ Cir. 1999).

The plaintiff's motion is largely duplicative of a previously filed motion in this case (doc. 45).  In that motion, the plaintiff sought a restraining order against Lieutenant Clawson from what he characterized as an attempt to interfere in the plaintiff's pending litigation by entering his cell and tampering with his mail and legal documents.  In addition, the plaintiff sought an order from the court requiring that an investigation be undertaken regarding an incident where the plaintiff alleged that someone placed a note in his cell containing racial slurs.  The Honorable David C. Norton, United States District Judge, recently adopted the undersigned's Report and Recommendation (doc. 68) and denied the

plaintiff's motion for a temporary restraining order (doc. 101). As these matters have previously been addressed and denied, they will not be addressed again herein.

To the extent the plaintiff seeks new relief in this motion, he has failed to make the required showing to justify the extraordinary remedy of injunctive relief. As an initial matter, the public interest is best served if the courts do not get involved in the daily operations of a detention center or prison, particularly prior to a finding that the Constitution has been violated. Moreover, the plaintiff has not established that he will be irreparably harmed if his motion for injunctive relief is denied. To the contrary, the plaintiff has failed to establish that he has been harmed in any way by any of the actions complained of in his most recent motion.

The defendants have provided the affidavit of Major John W. Tate to provide an explanation for some of the complaints contained within the plaintiff's motion. First, Major Tate addresses the desire of the plaintiff to be able to meet privately with an individual whom he has allegedly hired to assist him with his legal research. Around February 21, 2013, Major Tate was informed that the plaintiff had submitted a request to have such visits. Because of the plaintiff's *pro se* capacity in his pending litigation, Major Tate asked the Booking and Support Services Manager for LCDC to allow the plaintiff to have such visits. Recent developments indicate that the plaintiff has abused the special privilege that was afforded to him. On Friday, March 1, 2013, Major Tate received information that the plaintiff may have intended to use these privileges as an opportunity to attempt escape by removing the window in the visitation room during one of his private visits. An investigation has been undertaken that has revealed that the plaintiff's relationship with the person who was allegedly assisting him with his legal research had become personal and romantic in nature. As a result of the information received by Major Tate regarding the plaintiff's alleged escape plot, the plaintiff's special privilege of private visitation has been revoked. However, even in light of this revocation, the plaintiff will be still afforded the same visitation privileges as every other inmate at LCDC going forward (Tate aff. ¶¶ 4-8).

3

As for the plaintiff's request that this court direct LCDC to make changes in its food service, the plaintiff has failed to produce any evidence that would entitle him to such relief. To the contrary, the record before the court clearly indicates that LCDC contracts with a licensed and qualified independent contractor to provide food services for the inmate population at the detention center. This contractor is required to provide nutritionally balanced meals everyday to each inmate at the detention center and to have a licensed dietician prepare the menu, which is then physically prepared daily by inmate workers under the supervision of the contractor's employees and served to the inmate population at LCDC (*id.* ¶¶ 11-13). The plaintiff has failed to produce any evidence of any deficiency in the food service at LCDC, much less satisfied his burden of establishing that he is entitled to the extraordinary remedy of injunctive relief.

Wherefore, based upon the foregoing, the plaintiff's motion (doc. 111) should be denied.

March 6, 2013                                              s/ Kevin F. McDonald
Greenville, South Carolina                          United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.