IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| William Auston Cash, ) | Civil Action No. 6:12-1278-DCN-KFM |
| Plaintiff, ) | |
| ) | **ORDER AND** |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| Dr. Thomas and Lt. Clawson, ) | |
| Defendants. ) | |

This matter is before the court on the plaintiff's motions for issuance of subpoenas (doc. 136) and for preliminary injunction (doc. 135). The plaintiff, a pretrial detainee at the Lexington County Detention Center ("LCDC") proceeding *pro se*, alleges his constitutional rights were violated based upon the conditions of his confinement and the defendants' deliberate indifference to his serious medical needs.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

***Motion for Issuance of Subpoenas***

Defendant Clawson filed a motion for summary judgment on November 2, 2012. By order filed November 5, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response in opposition to the motion on November 16, 2012. Defendant Thomas filed a motion for summary judgment on November 21, 2012, and another *Roseboro* order was issued on November 26, 2012. The plaintiff filed his response in opposition to the motion on December 6, 2012.

On March 11, 2013, the plaintiff filed a "motion to subpoena witnesses for declarations and affidavits" (doc. 136). The eight individuals named in the motion are "Dan Bifield, Donald Foster, Rob Landrum, Jeff Martinez, Nick Williams, Alen Ballenger, Officer Todd, [and] Officer Hodges." Five of the persons are inmates at the detention center, and three of the persons are employees of the detention center (*see id.*). Both defendants filed responses in opposition to the motion (docs. 156, 159).

While Federal Rule of Civil Procedure 45 provides a mechanism through which a party may request that a subpoena be issued, the plaintiff has not established what information he seeks to obtain through these subpoenas. Moreover, as pointed out by defendant Clawson, the plaintiff has already demonstrated his ability to obtain affidavits from at least three of these individuals, as evidenced by the affidavits of Donald Foster and Jeff Martinez previously filed in this litigation (docs. 111-3, 111-4), as well as the affidavit of Dan Bifield, which was filed by the plaintiff in another action pending before this court (C.A. No. 6:12-cv-01815-MGL-KFM, doc. 56). Furthermore, the discovery phase of this litigation has long-since expired. Local Civil Rule 26.04 DSC requires that all discovery must have been conducted within 90 days after the joinder of issues. "Joinder of issues occurs when the basic factual and legal questions raised by the parties crystallize, *i.e.*, when defendant answers or otherwise responds to the allegations set forth in plaintiff's complaint." *Bachman v. M. Lowenstein & Sons, Inc.*, 85 F.R.D. 10, 11 (D.S.C. 1979). In this case, the issues were joined at the latest on August 22, 2012, when Dr. Thomas filed and served his answer to the complaint. Thus, the discovery period expired on November 20, 2012. Therefore, to the extent that the plaintiff's motion is an attempt to conduct discovery at this late stage of litigation, the plaintiff's motion is denied as untimely. Insofar as the plaintiff may seek the compelled testimony of the individuals named in his recent motion in order to respond to the defendants' motions for summary judgment, the plaintiff's deadline to respond to the defendants' properly supported motions for summary judgment has lapsed, and, indeed, he has already filed responses to the motions, and this case is ripe for adjudication.

***Motions for Preliminary Injunction***

On March 11, 2013, the plaintiff filed a document captioned as an "order to show cause for an [sic] preliminary injunction and a temporary restraining order" (doc. 135). The plaintiff complains that he was searched following a legal research visit and that his cell was searched while he was not present. The plaintiff further alleges that he was recently placed in the disciplinary wing despite having done nothing wrong. He claims that he is being harassed in retaliation for filing the instant lawsuit. The plaintiff seeks an order from the court directing defendant Clawson and other security personnel at the detention center to stop "searching the plaintiff twice a day, searching his cell twice a day, searching his legal work and reading his legal work, from the harassment of the Plaintiff, stop blocking visits from his legal research aid that was already approved for such visits." In addition, the plaintiff asks the court to order defendant Clawson to "stop all strip searches, allow legal copies upon request, [and] move plaintiff back over to A-Wing …." The defendants both filed responses in opposition to the plaintiff's motion (docs. 157, 158).

"[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Fed. Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir.1981). To obtain a preliminary injunction, the plaintiff must demonstrate: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.*, 555 U.S. 7, 20 (2008); *see Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, at *1 (D.S.C. August 18, 2009) (slip copy) (applying *Winter* standard and noting that the *Blackwelder Furniture Co. v. Seling Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977) balance-of-hardship test no longer applies). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, at *1 (N.D. Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction."). "[A] preliminary injunction preserves the

3

status quo pending a final trial on the merits . . . ." *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999).

As argued by the defendants, the relief sought in the motion is duplicative of the previously filed motions for preliminary injunction that the court has already denied. Furthermore, to the extent the plaintiff seeks new relief in this motion, the plaintiff has failed to make the required showing to justify the extraordinary remedy of injunctive relief. As has previously been held by this court, the public interest is best served if the courts do not get involved in the daily operations of a detention center or prison, particularly prior to a finding that the Constitution has been violated. Moreover, the plaintiff has failed to establish that he will be irreparably harmed if his motion for injunctive relief is denied. To the contrary, the plaintiff has failed to establish that he has been harmed in any way by any of the actions complained of in his most recent motion. Moreover, the record before this court is clear that a legitimate reason exists for the restrictions that have been placed on the plaintiff at the detention center. As is fully addressed in the affidavit of Major John Tate, which was previously filed with this court, additional security precautions have had to be taken with regard to the plaintiff due to allegations that the plaintiff intended to use his private visits with an individual he claims was assisting with his legal research as an opportunity to attempt escape (*see* doc. 130-1, Tate aff. ¶¶3-8). Nevertheless, the plaintiff is still being afforded the same visitation privileges as every other inmate at the detention center (*id.*).

Wherefore, based upon the foregoing, the plaintiff's motion for issuance of subpoena (doc. 136) is denied. Furthermore, this court recommends that the plaintiff's motion for preliminary injunction (doc. 135) be denied.

April 8, 2013                                              s/ Kevin F. McDonald
Greenville, South Carolina                      United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).