UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| William Auston Cash, ) | Civil Action No. 6:12-1278-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Dr. Thomas and Lt. Clawson, ) | **OPINION AND ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff William Auston Cash ("Plaintiff"), proceeding *pro se*, brought this action pursuant to 42 U.S.C. §1983 alleging his constitutional rights were violated due to the conditions of his confinement and deliberate indifference to his serious medical needs while he was a pretrial detainee at Lexington County Detention Center. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial handling and a Report and Recommendation. Defendant Lt. Clawson filed a motion for summary judgment on November 2, 2012. (ECF No. 59). Defendant Dr. Thomas filed a motion for summary judgment on November 21, 2012. (ECF No. 72). Since Plaintiff is *pro se* in this matter, the court entered orders for both motions for summary judgment pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) advising Plaintiff of the importance of the dispositive motions and of the need for him to file adequate responses. (ECF Nos. 60 & 75.) Plaintiff filed responses in opposition on November 16, 2012 (ECF No. 70) and December 6, 2012 (ECF No. 78).

On June 18, 2013, Magistrate Judge McDonald issued a Report and Recommendation recommending that both Defendants' motions for summary judgment be granted, finding that Plaintiff's claims fail on the merits based on the evidence in the record. (ECF No. 182.) The

Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. (ECF No. 182 at 16.) Plaintiff filed no objections and the time for doing so expired on July 5, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (internal citation omitted).

After reviewing the motions and responses, the record, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the court adopts and incorporates the Report and Recommendation (ECF No. 182) by reference into this order. The court declines to exercise supplemental jurisdiction over any claims for relief asserted pursuant to state law and any such claims are dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3). It is therefore ORDERED that Defendants' motions for summary judgment are GRANTED as to Plaintiff's constitutional claims, and this case dismissed.

IT IS SO ORDERED.

s/Mary G. Lewis

                                                United States District Judge

Spartanburg, South Carolina  
July 19, 2013